NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
TYLER E. SANCHEZ, SBN 299131
tyler.sanchez@salisianllp.com
JENNIFER S. GOLDSTEIN, SBN 310335
jennifer.goldstein@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

Attorneys for Specially Appearing Defendant
MMP CAPITAL, INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADI KRANITZ, an individual; and DR. SHADI CONCEIRGE MEDSPA, a California Corporation; NICOLE KING, an individual; COSMO CONTOUR & SPA LLC, a California limited liability company; JENNIFER TABIZA, an individual; and JENNIFER TABIZA OPTOMETRIST, APC, a California professional corporation, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BTL Industries, Inc., a Delaware Corporation; MMP CAPITAL, INC., a New York Corporation; DEXT CAPITAL, LLC, a Delaware limited liability company; TIMEPAYMENT CORP., a Delaware Corporation; NORTH MILL CREDIT TRUST, a Delaware Association; AMUR EQUIPMENT FINANCE, INC., a Nebraska corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-01587-DOC-JDE<br><br>[Assigned to the Hon David O. Carter]<br><br>**SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S LIMITED OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Hearing Date: March 30, 2026<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom 10A<br><br>First Amended<br>Complaint Filed: November 24, 2025<br>Trial Date: To Be Set |

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………..……..………..1

II. FACTUAL AND PROCEDURAL BACKGROUND…..................................1

III. LEGAL ARGUMENT……………………………..………………….2

    A. The Transferee Court is One in Which Plaintiff Might Have Brought This Action ……..………………………………………..…4

    B. Severance and Transfer Serves the Interests of Justice and Judicial Efficiency ……..…………………………………………...6

    C. The Court Should Honor Each Party's Separately Negotiated Forum Selection Clauses Through Severance and Transfer ………….9

IV. CONCLUSION ……………………………………………………….10

i

SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER
CASE NO. 8:25-cv-01587-DOC(JDEx)

# **TABLE OF AUTHORITIES**

Cases

*Adam v. Barone*,
    2020 U.S. Dist. LEXIS 143005 (N.D. Cal. Aug. 10, 2020) ……...……..3, 6, 10

*Anrig v. Ringsby United*,
    603 F. 2d 1319 (9th Cir. 1978)…………......……………………………….......3

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
    571 U.S. 49 (2013) ……………………….…………………………………....4, 9

*Hoffman v Blaski*,
    363 U.S. 335 (1960) ……………………………………….......................…3

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988) …………………………………………….…..4

*Montalvo Assocs., LLC v. Amtax Holdings 279, LLC*,
    No. 5:21-cv-00797, 2021 U.S. Dist. LEXIS 140026 (N.D. Cal.
    July 27, 2021) …………………………………………………….…….……8

*My Daily Choice, Inc. v. Butler*,
    No. 2:20-cv-02178-JAD-NJK, 2021 U.S. Dist. LEXIS 147732
    (D. Nev. Aug. 6, 2021) ……………………………………………..….……5

*Pirozzi v. Fiserv Corp.*,
    668 F. Supp. 3d 968 (C.D. Cal. 2022) …………………………………….8

*R.R. St. & Co. v. Transp. Ins. Co.*,
    656 F. 3d 966 (1984) ……………………………………...……………….8

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ……………………..…………………………………….3

Other

Fed. R. Civ. P. 21 ……………………………………………………………...3

28 U.S.C. § 1406(a)……………………………………………………………...3

# OPPOSITION MEMORADUM

## I.  INTRODUCTION

Plaintiffs filed this action against Defendants involving multiple agreements, each containing different forum selection clauses. Defendant Dext Capital, LLC ("Dext"), a Delaware limited liability company, has filed a motion to transfer venue to Oregon, or New York in the alternative, based on the forum selection clauses in Dext's agreements with Plaintiffs (the "Motion"). [*See* Dkt. 53-1.]

As the Motion does not request severance of the claims in this action, and insofar as the Motion requests the Court to transfer Specially Appearing defendant MMP Capital, Inc. ("MMP") to Oregon, MMP opposes such an argument. MMP requests that the Court sever the claims according to the governing law provisions in each agreement and transfer each party's claims to the appropriate venue.

MMP joins Dext's request in the alternative request to transfer Dext's claims to New York, as required by the forum selection clause in Plaintiffs' Guaranty with Dext. [*See id.*]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Nicole King, Jennifer Tabiza, and Shadi Kranitz own California medical spas—Cosmo Contour & Spa LLC ("Cosmo"), Jennifer Tabiza Optometrist, APC ("Tabiza Optometrist"), and Dr. Shadi Concierge Medspa ("Dr. Shadi Concierge" and, together with Cosmo and Tabiza Optometrist, the "medical spa companies.")

The medical spa companies, together with Ms. King, Ms. Tabiza, and Dr. Kranitz (collectively, "the medical spa owners" and, together with the medical spa companies, "Plaintiffs"), allege that, from November 2021 to May 2023, the medical spa companies financed eight cosmetic laser devices sold by defendant BTL Industries, Inc., each costing over $100,000. [*See* Dkt. 20 ("FAC") ¶¶ 30, 35.] The medical spa owners personally guaranteed the MMP loans. [*See id.* ¶¶ 17-19.]

Plaintiffs' allegations against MMP are based solely on the six financing agreements originated with New York defendant MMP and its related entities. [*See id.* ¶¶ 17-19, 21, 60, 62-70, 79.] As relevant here, one of those agreements, concerning Ms. Tabiza and Tabiza Optometrist's financing of the Emface in September 2022, was subsequently assigned to Dext (the "Tabiza Emface EFA"). [Dkt. 53-1 at 3:9-20.][1]

The Tabiza Emface EFA contained the following forum selection clause, in relevant part:

> This EFA shall be governed by and construed under the laws of the State of New York (NY), without reference to its principles of conflicts of laws, and is deemed to have been performed in Nassau County, NY. You submit to and agree that the state courts sitting in Nassau County, New York, or any federal court having jurisdiction over Nassau County, New York, shall have the exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising under this EFA. You acknowledge the jurisdiction may change at the sole discretion of Creditor's successors and/or assigns…

[*See* Dkt. 53-4 at 1.]

The Tabiza Emface EFA also contains a clause that precludes Ms. Tabiza and Tabiza Optometrist from alleging the claims against MMP against Dext. [*See id.* ("You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to, and you agree not to assert against such assignee, any claims, defenses or set offs that you may have against us.")]

### III. LEGAL ARGUMENT

An action may be severed and the separate claims transferred where multiple defendants have contractually designated different forums when it serves "the

---

[1] Dext also maintains it had a separate agreement with Ms. King and Cosmo concerning the financing of an Emface device that does not involve MMP. [*See id.* at 2:7-10.]

convenience of the parties and witnesses", "the interests of justice", and enforces contractual forum choices provided in distinct, separate agreements. *Anrig v. Ringsby United*, 603 F. 2d 1319, 1324-25 (9th Cir. 1978); *see also* Fed. R. Civ. P. 21; 28 U.S.C. § 1406(a).

Similarly, California courts have also held "where the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting transfer of the action against the other defendants." *Adam v. Barone*, 2020 U.S. Dist. LEXIS 143005, at *13 (N.D. Cal. Aug. 10, 2020).

Under 28 U.S.C. § 1406(a), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See id.* Absent an allegation that venue is improper as to all defendants—and no such allegation exists here—the Supreme Court has directed district courts to engage in a two-step analysis. *Hoffman v Blaski*, 363 U.S. 335, 343-44 (1960).

"First, they determine 'whether the transferee district was one in which the action 'might have been brought' by the plaintiff.'" *Id.*

Second, courts "engage in an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988); *see also Adam*, 2020 U.S. Dist. LEXIS 143005, at *8-9. "Courts consider the following factors when determining convenience and fairness: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Adam*, 2020 U.S. Dist. LEXIS 143005, at *9.

This principle applies with equal force where, as here, Defendants have negotiated distinct forum selection clauses in separate agreements with Plaintiffs. [*See id.* ¶¶ 17-19, 21, 60, 62-70, 79.] The Supreme Court has recognized that forum

selection clauses are presumptively enforceable and should be given "controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).

Further, on a motion to transfer pursuant to a forum selection clause a court "should not consider arguments about the parties' private interests" and the party that brought the action in the venue inconsistent with the forum-selection clause "waive[s] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64.

Indeed, the Ninth Circuit Court of Appeals has long since held "[a] non-signatory defendant may enforce a forum selection clause when "the alleged conduct of the [non-signatory defendant] is closely related to the contractual relationship." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988).

The party seeking to avoid enforcement of a valid forum selection clause bears a heavy burden of showing that enforcement would be unreasonable or unjust. *Id.*

### A. The Transferee Court is One in Which Plaintiff Might Have Brought This Action.

As Dext acknowledges in its Motion, pursuant to the plain language of the forum selection clause in the Tabiza Emface EFA, Ms. Tabiza and Tabiza Optometrist's claims against MMP should have be filed in New York. [Dkt. 53-1 at 10:25-11:2.]

If the Court were to transfer the claims as to the entire Tabiza Emsculpt EFA to a single venue other than New York, it would contravene the express mandatory forum selection clause in MMP's agreement with Ms. Tabiza and Tabiza

Optometrist, which all parties agreed would govern their disputes. Such a result would be manifestly unjust.

MMP negotiated in good faith for a New York forum selection clause. That clause was part of the consideration exchanged between the parties and formed part of the basis upon which MMP entered into the agreements with Plaintiffs. To now disregard that clause—without any showing that enforcement would be unreasonable or unjust—would deprive MMP of a material contractual benefit and reward Plaintiffs for attempting to evade their own contractual commitments.

Dext claims that the forum selection clause allows it to change the jurisdiction where the case is filed, however, Dext offers no evidence that it exercised that election. Where a party has the option to change the forum identified in the forum selection clause, courts have upheld that right where the party gave notice of the change prior to the lawsuit. *See*, *e.g.*, *My Daily Choice, Inc. v. Butler*, No. 2:20-cv-02178-JAD-NJK, 2021 U.S. Dist. LEXIS 147732, at *5 (D. Nev. Aug. 6, 2021).

Here, the permissive plain language of the relevant language in the provision states, "[y]ou acknowledge the jurisdiction *may* change at the sole discretion of Creditor's successors and/or assigns." [*See* Dkt. 53-4 at 1 (emphasis added).] Unlike with Ms. King and Cosmo, where Dext's agreement specifically identified Oregon as the proper forum for any dispute, Dext offers no evidence of it electing a new jurisdiction to govern disputes arising out of the Tabiza Emsculpt EFA prior to the filing of this lawsuit. Thus, at the time of filing the Complaint, Plaintiff could (and should) have brought claims against MMP involving the Tabiza Emsculpt EFA in New York. Unsurprisingly, DEXT has consented to jurisdiction in New York by requesting, in the alternative, to transfer the case to New York. [*See* Dkt. 53-1 at 10:25-11:2.]

Plaintiffs' agreements with MMP are not governed by the laws of Oregon and were not formed or performed in Oregon. Further, MMP does not have a

principal place of business in Oregon nor was it incorporated in Oregon. As such, Oregon has no meaningful connection to the disputes between Plaintiffs and MMP, and transferring those claims to Oregon would ignore the parties' express contractual choice of forum.

In fact, it is likely that, as here in California, Oregon does not have personal jurisdiction over MMP.

The Eastern District of New York, by contrast, is the forum the parties agreed upon when they entered into their agreements. That forum has a direct relationship to the underlying contracts and their performance. Moreover, MMP is a New York corporation with its principal place of business in New York. Enforcing the forum selection clause honors the parties' expectations and avoids the inefficiency and unfairness of litigating disputes in a forum with no nexus to the relevant agreements.

The Supreme Court has made clear that a valid forum selection clause should be given controlling weight except in extraordinary circumstances. *M/S Bremen*, 407 U.S. at 10. No such extraordinary circumstances exist here. Plaintiffs have not argued—nor could they credibly argue—that litigating in the Eastern District of New York would be unreasonable, unjust, or the result of fraud or overreaching. The forum selection clause should therefore be enforced.

### B. Severance and Transfer Serves the Interests of Justice and Judicial Efficiency.

The factors used to determine convenience and fairness weigh heavily in favor of severance and transfer. *See Adam*, 2020 U.S. Dist. LEXIS 143005, at *9.

First, honoring the parties' contractual forum selection clauses would serve the convenience of the parties, witnesses, and evidence with respect to each set of agreements. The causes of action Plaintiffs assert against MMP are contract-specific and, therefore, implicate the parties, evidence, and witnesses associated with that particular agreement. As relevant here, the allegations at issue require the

6

SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S
OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER
CASE NO.: 8:25-cv-01587-DOC(JDEx)

1  court to evaluate MMP's actions in connection with the Tabiza Emsculpt EFA
2  specifically.
3     In the FAC, Plaintiffs allege breach of fiduciary duty and contract of
4  adhesion, which require analysis of the Tabiza Emsculpt EFA and MMP's conduct
5  in arranging it. Plaintiffs also allege breach of contract and illusoriness, requiring
6  assessment of the Tabiza Emsculpt EFA's terms. Additionally, Plaintiffs' claim that
7  MMP violated the Unfair Competition Law accuses MMP of providing unlawful
8  loans, again requiring an assessment of the Tabiza Emsculpt EFA and MMP's
9  conduct in offering it to determine whether it is unlawful. Further, Recission is
10 inherently a contract-specific remedy that would require an exchange of the
11 consideration offered in the Tabiza Emsculpt EFA.
12    Also, Plaintiffs' fraud claims as to MMP focus on MMP's alleged omission
13 or misrepresentation about "essential details" of the financing agreements. Here,
14 that requires the Court to look at MMP's representations – or lack thereof – in
15 connection with the Tabiza Emsculpt EFA. Each agreement and defendant must be
16 evaluated separately, given the nature of Plaintiffs' claims.
17    Furthermore, the plain language of the Tabiza Emsculpt EFA provides that
18 Ms. Tabiza and Tabiza Optometrist cannot assert the claims they have against
19 MMP against Dext. [*See* Dkt. 53-1 at 1.] This separation of claims underscores that
20 Plaintiffs' claims against MMP arise out of their unique agreement with MMP.
21    Here, Plaintiffs' agreements with MMP were contracted in New York and
22 performed in New York. [*See* Dkt. 61-2 at ¶¶ 3-5, Exhs. 1-3 at "General" Section
23 on page 1 of each agreement.] Thus, the evidence, witnesses, and documents
24 pertaining the Plaintiffs' suit against MMP exist in New York.
25    Second, severance and transfer allows each court to apply the law designated
26 in the respective agreements. Here, New York law would be applied to Plaintiffs'
27 claims against MMP arising from their agreements with MMP, and as such all
28 claims against MMP should be transferred to the Eastern District of New York so

New York law can be properly applied. *See id.*; *Pirozzi v. Fiserv Corp.*, 668 F. Supp. 3d 968, 976 (C.D. Cal. 2022) (Central District Court finding New York choice-of-law provision supports transfer).

Third, as discussed in detail above, transfer would permit appropriate consolidation based on the actual agreements Plaintiffs have with each defendant, rather than the artificial joinder Plaintiffs have manufactured to circumvent their contractual commitments. In this case, the claims involving six agreements with Plaintiffs could be heard in one forum – New York.

Fourth, California has no legitimate interest in adjudicating controversies surrounding contracts formed and performed in New York, governed by New York law, and involving MMP, an entity incorporated in New York with its principal place of business there. Indeed, California has a strong interest in preventing forum shopping and Plaintiffs' use of joinder as a strategic device to evade contractual obligations that Plaintiffs themselves negotiated and accepted. *See e.g.*, *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F. 3d 966, 439 (1984) (Ninth Circuit affirming stays or dismissals when it is apparent that a federal plaintiff is engaged in forum shopping).

Fifth, there is less congestion in the Eastern District of New York than in the Central District of California—there are roughly 1,000 less pending cases in the Eastern District of New York than in Central District of California. *See* Table C-1 U.S. District Courts - Civil Statistical Tables for the 7 Federal Judiciary, *available at* https://www.uscourts.gov/data-news/data-tables/2025/06/30/statistical-tables-federal-judiciary/c-1; *Montalvo Assocs., LLC v. Amtax Holdings 279, LLC,* No. 5:21-cv-00797, 2021 U.S. Dist. LEXIS 140026, at *10 (N.D. Cal. July 27, 2021) (relying on similar statistics to transfer).

Notably, North Mill Credit Trust and MMP are requesting, and Dext is requesting in the alternative, that the Court transfer their respective actions with Plaintiffs to New York—a near-unanimous recognition among creditor-defendants that California is an improper forum for these disputes. [*See* Dkts. 53-1, 56, 61.]

As such, the Court should enforce the forum selection clause in each set of the agreements Plaintiff has signed with each set of defendants.

### C. The Court Should Honor Each Party's Separately Negotiated Forum Selection Clauses Through Severance and Transfer.

The First Amended Class Action Complaint ("FAC") in this action involves multiple agreements, each with its own forum selection clause. [*See* Dkt. 20.] Plaintiffs' agreements with MMP specifically designate New York as the proper forum for any disputes arising under those agreements. While MMP agrees with Dext that severance and transfer is appropriate, MMP opposes transferring the case to jurisdictions other than New York for claims against MMP, which are governed by Plaintiffs' agreements with MMP.

Defendants in this action contracted separately with Plaintiffs, and each agreement contains its own negotiated forum selection provision. These are not boilerplate provisions imposed unilaterally; they represent the considered judgment of sophisticated commercial parties as to where disputes should be resolved. To override MMP's forum selection clause simply because Plaintiffs sued multiple defendants with different forum provisions would effectively nullify the parties' contractual agreement and reward forum shopping.

Enforcing forum selection clauses serves critical policy objectives that the Supreme Court has repeatedly affirmed: promoting certainty and predictability in commercial transactions and respecting the parties' autonomy to structure their contractual relationships. *Atl. Marine*, v571 U.S. at 63-64. To permit Plaintiffs to circumvent multiple forum selection clauses through the strategic device of naming defendants with different forum provisions in a single complaint would eviscerate these foundational principles. Such a result would not only reward forum manipulation but would create a dangerous precedent—any party could nullify carefully negotiated forum selection clauses simply by joining unrelated defendants with different contractual terms. This Court should reject such gamesmanship.

9

SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S
OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER
CASE NO.: 8:25-cv-01587-DOC(JDEx)

The circumstances here fall squarely within the framework articulated in *Adam*. Where the Plaintiffs' agreements with each defendant require Plaintiffs to litigate their claims against that defendant in a certain jurisdiction, it would be in the parties' convenience and in the interest of justice to sever the claims against each defendant pursuant to Plaintiffs' agreements with each defendant.

Having established that MMP's forum selection clause compels transfer to New York, it follows that the Court must reject Dext's request to transfer those same claims to Oregon—a forum to which MMP never agreed and which would directly contravene the parties' bargained-for venue provision.

## IV. CONCLUSION

For the foregoing reasons, MMP, respectfully requests that the Court deny Dext's Motion insofar as it seeks to transfer MMP's claims to Oregon. Instead, MMP requests that the Court (1) sever the claims in this action per each set of agreements entered into by Plaintiffs and (2) transfer each action in accordance with the forum selection clause in the Plaintiffs' agreements with each set of defendants. MMP respectfully requests the Court honor the forum selection clause in Plaintiffs' agreements with MMP by transferring claims against MMP to the Eastern District of New York. Such an approach honors the parties' contractual commitments, promotes judicial efficiency, and serves the interests of justice for all parties.

DATED: February 13, 2026

SALISIAN LLP

By: _____
Neal S. Salisian
Tyler S. Sanchez
Jennifer S. Goldstein
Patty W. Chen

Attorneys for Specially Appearing Defendant
MMP CAPITAL, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for specially appearing defendant MMP Capital, Inc. certifies that this brief contains 3903 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 13, 2026         SALISIAN LLP

_____
Tyler E. Sanchez

**PROOF OF SERVICE**
**USDC Case No. 8:25-cv-01587-DOC(JDEx)**

STATE OF CALIFORNIA    )
                                     ) ss.
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 550 South Hope Street, Suite 750, Los Angeles, California 90071. My electronic service address is: eddie.jimenez@salisianllp.com

      On February 13, 2026, I caused the foregoing document(s) described as **SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** to be served on the interested parties in this action as follows:

*PLEASE SEE THE ATTACHED SERVICE LIST*

 **X**    **VIA CM/Dkt. SYSTEM**
      Pursuant to L.R. 5-3 and 5-4, following ordinary business practices, I electronically filed the foregoing documents with the Clerk of the Court by using the Court's automated CM/Dkt. system.  I checked the CM/Dkt. docket for this case and determined that the person(s) indicated above are registered as CM/Dkt. Users who have consented to electronic service through Notice of Electronic Filing transmission sent to the e-mail address(es) listed above.  I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/Dkt. system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list.

 **X**    **FEDERAL**
      I declare under penalty of perjury under the laws of the United States of America that the above on the service list is true and correct.  Executed on February 13, 2026, at Los Angeles, California.

_____
Eduardo Jimenez

1
SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER
CASE NO. 8:25-cv- 01587-DOC(JDEx)

# SERVICE LIST
## USDC Case No. 8:25-cv-01587-DOC(JDEx)

| | |
|---|---|
| Helen I. Zeldes<br>Amy C. Johnsgard<br>Summer Wright<br>**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**<br>501 W. Broadway, Suite 800<br>San Diego, CA 92101<br>Tel: (619) 400-4990<br>Fax: (310) 399-7040<br>Email : hzeldes@sshhzlaw.com;<br>ajohnsgard@sshhzlaw.com;<br>swright@sshhzlaw.com | *Attorneys for Plaintiffs*<br>SHADI KRANITZ and DR. SHADI CONCIERGE MEDSPA; NICOLE KING; COSMO CONTOUR & SPA LLC; JENNIFER TABIZA; AND JENNIFER TABIZA OPTOMETRIST, APC |
| Blake Yagman<br>**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**<br>9415 Culver Blvd., #115<br>Culver City, CA 90232-2616<br>Tel: (619) 400-4990<br>Fax: (310) 399-7040<br>Email : byagman@sshhzlaw.com | *Attorneys for Plaintiffs*<br>SHADI KRANITZ and DR. SHADI CONCIERGE MEDSPA; NICOLE KING; COSMO CONTOUR & SPA LLC; JENNIFER TABIZA; AND JENNIFER TABIZA OPTOMETRISTS APC |
| Paul K. Haines<br>Fletcher W. Schmidt<br>Ian T. Mallery<br>**HAINES LAW GROUP**<br>2155 Campus Drive, Suite 180<br>El Segundo CA 90245<br>Tel: (424)292-2350<br>Fax: (424) 292-2355<br>Email: phaines@haineslawgroup.com;<br>imallery@haineslawgroup.com;<br>Fschmidt@haineslawgroup.com | *Attorneys for Plaintiffs*<br>SHADI KRANITZ and DR. SHADI CONCIERGE MEDSPA; NICOLE KING; COSMO CONTOUR & SPA LLC; JENNIFER TABIZA; AND JENNIFER TABIZA OPTOMETRIST, APC |

1

SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER CASE NO. 8:25-cv- 01587-DOC(JDEx)

| | |
|---|---|
| Scott O. Luskin<br>Randy R. Haj<br>**PAYNE AND FEARS LLP**<br>200 North Pacific Coast Highway, Suite 825<br>El Segundo, CA 90245<br>Tel: (310) 689-1750<br>Fax: (310) 689-1755<br>Email: sol@paynefears.com;<br>rrh@paynefears.com | *Attorneys for Defendant*<br>BTL INDUSTRIES, INC. |
| D Alexander Darcy<br>Debbie Devassy<br>**DARCY & DEVASSY PC**<br>444 N Michigan Ave., Ste. 3270<br>Chicago, IL 60614<br>Tel: (312) 784-2400<br>Fax: (312) 784-2410<br>Email: adarcy@darcydevassy.com;<br>ddevassy@darcydevassy.com | *Attorneys for Defendant*<br>DEXT Capital LLC |
| Megan Ann Childress<br>Charles K. Seyfarth (*pro hac vice*)<br>**O'HAGAN MEYER LLP**<br>550 South Hope Street, Suite 2400<br>Los Angeles, CA 90071<br>Tel: (213) 647-0005<br>Fax: (213) 647-1750<br>Email: mchildress@ohaganmeyer.com;<br>cseyfarth@ohaganmeyer.com | *Attorneys for Defendant*<br>TIMEPAYMENT CORP. |
| Kristin L. Spanier<br>Suann C. Macisaac<br>**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**<br>11766 Wilshire Blvd., Suite 750<br>Los Angeles, CA 90025<br>Tel: (310)566-9800<br>Fax: (310) 566-9850<br>Email: kspanier@khiks.com;<br>smacisaac@khiks.com | *Attorneys for Defendant*<br>NORTH MILL CREDIT TRUST |

SPECIALLY APPEARING DEFENDANT MMP CAPITAL, INC.'S
OPPOSITION TO DEXT CAPITAL, LLC'S MOTION TO TRANSFER
CASE NO. 8:25-cv- 01587-DOC(JDEx)

| | |
|---|---|
| Jimmy Chin Chang<br>**BROOKS PIERCE MCLENDON HUMPHREY AND LEONARD, LLP**<br>230 North Elm Street, Suite 2000<br>Greensboro, NC 24701<br>Tel: (336) 271-3137<br>Email: jchang@brookspierce.com | *Attorney for Defendant*<br>AMUR EQUIPMENT FINANCE INC. |
| James J. Finsten<br>**LURIE ZEPEDA SCHMALZ HOGAN AND MARTIN**<br>1875 Century Park East, Suite 2100<br>Los Angeles, CA 90067-2574<br>Tel: (310) 274-8700<br>Fax: 310-274-2798<br>Email: jfinsten@lurie-zepeda.com | *Attorney for Defendant*<br>AMUR EQUIPMENT FINANCE INC. |